■ LEONARD EIDLISZ, Appellant, v NEW YORK UNIVERSITY et al., Respondents. [876 NYS2d 400]—

Order, Supreme Court, New York County (Michael D. Stallman, J.), entered July 31, 2008, which, in an action for specific performance, denied plaintiff's motion for summary judgment and granted defendants' cross motion for summary judgment dismissing the complaint as barred by the four-month statute of limitations, unanimously reversed, on the law, without costs, defendants' cross motion denied, plaintiff's motion granted, and defendants directed to award plaintiff a degree and diploma and any authorizations he may need to take the dental boards.

Plaintiff, who began his studies with defendant dental school in 1993, was granted readmission to the school as a part-time student for the academic year 2002-2003 in a letter, dated July 18, 2002, stating that he would receive the school's degree upon successful completion of three specified courses for which he would be assessed tuition based on the number of credits per course.

Plaintiff was initially overcharged tuition due to an admitted billing error by the school. Plaintiff attempted to have the bill corrected, and was told by school personnel in the bursar's and financial aid offices that it would be corrected. Because of the billing error, the school mailed delinquency notices to plaintiff, and, in January 2003, mailed him a letter "de-enrolling" him "because you have not displayed the ability to meet your financial obligations." Plaintiff asserts he never received any of those letters.

In any event, notwithstanding the de-enrollment, plaintiff continued to attend courses and take final exams, which he passed, and, in the spring of 2003, he had further conversations with school personnel in the financial aid and bursar's offices concerning the incorrect tuition bill in which his de-enrollment was not mentioned. Plaintiff asserts that he received a corrected bill in July 2003; that in September 2003, when he asked a professor for his final grade, she told him that she had received instructions not to release it because of his finances; that in November 2003, after his applications for financial aid were denied, he obtained a loan from his father and paid the corrected bill in full; and that in January 2004, he met with the school's academic advisor and learned for the first time of his de-enrollment for nonpayment of tuition. By letter dated February 12, 2004, the school's associate dean rejected plaintiff's request for re-enrollment, and plaintiff instituted the instant action for breach of contract 11 months later.

Contrary to Supreme Court's conclusion that this case "relates to the sort of academic and administrative decisions that . . . are properly the subject of an Article 78 proceeding, rather than an action on a breach of contract," "there exists an implied contract between the institution and its students such that if the student complies with the terms prescribed by the institution, he will obtain the degree which he sought" (*Matter of Olsson v Board of Higher Educ. of City of N.Y.*, 49 NY2d 408, 414 [1980] [internal quotation marks and brackets omitted]). Plaintiff properly brought this action for breach of contract, rather than a CPLR article 78 proceeding, because, in the school's July 18, 2002 letter, he was promised that he would be billed per credit and would obtain a degree upon completion of the three courses; however, the school failed to bill plaintiff as promised, failed to correct the tuition bill in a timely manner, failed to notify plaintiff of his de-enrollment by e-mail in accordance with its handbook's announced preference for e-mail, and failed to grant plaintiff a degree when he paid the correct amount of tuition in full. Concur—Tom, J.P., Andrias, Buckley and DeGrasse, JJ. [*See* 20 Misc 3d 1131(A), 2008 NY Slip Op 51690(U).]